IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WESLEY DEXTER ROBERTS JR,

    Plaintiff,

    v.                                                     No. CIV 13-0955 WJ/SMV

CCDC – ADM. SANDRA STEWART,
ASSIST. ADMIN. CLAY CORN,
MAJOR GARCIA,
LT. SALAZAR,
LT. SANCHEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Defendants have filed a motion to dismiss the complaint. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that his detention facility does not have a law library. He contends that lack of access to legal materials resulted in his conviction in a state criminal prosecution. In the state prosecution, he was unable to convince his public defender attorney to use evidence that was not part of the prosecution's case. He also alleges that he does not know "a lot of term and procedure I am obliged to follow," presumably, in order to obtain relief from his conviction. The complaint seeks damages and certain equitable relief.

Plaintiff's claim for denial of access to legal materials requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents, *see id.* at 350. A complaint under § 1983 action may not be based on assertions of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Furthermore, Plaintiff's assertions "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. . . . have no antecedent in our pre-*Bounds* cases, and we now disclaim them." *Id.* at 354 (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 and n. 14 (1977). Plaintiff does not allege any active interference with his preparation and filing of papers, and thus his allegation of lack of access to a law library does not support a claim under 42 U.S.C. § 1983.

Nor does Plaintiff's allegation that his state court conviction resulted from lack of library access support a finding of "relevant actual injury," *Lewis*, 518 U.S. at 351, "which can ' "be redressed by a favorable judicial decision." ' " *Gille v. Booher*, No. 00-6106, 2000 WL 1174612, at **1 (10th Cir. Aug. 18, 2000) (habeas proceeding) (quoting *Spencer v. Kemna*, 523

U.S. 1, 7 (1998)).  As the Court of Appeals for the Tenth Circuit ruled in a similar factual context, "Defendants did deny plaintiff access to the law library.  However plaintiff actually had access to alternative sources of legal assistance, as noted. . . .  [and therefore] defendants' actions did not result in injury entitling plaintiff to damages or declaratory relief."  *Love v. Summit County Commissioner*, 776 F.2d 908, 915 (10th Cir. 1985).  As in *Love*, Plaintiff here was represented by counsel in the state criminal proceeding.  He may have malpractice or habeas corpus claims arising from that proceeding, but he does not have a claim of denial of access to the courts.  Because Plaintiff's allegations do not support a claim of injury resulting from denial of access to the courts, *see Love*, 776 F.2d at 915; *Lewis v. Casey*, 518 U.S. at 351, his complaint will be dismissed.

       IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

                                                                         _____
                                                                            UNITED STATES DISTRICT JUDGE